**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KENNETH DEL SIGNORE,<br><br>Plaintiff,<br><br>v.<br><br>ILLINOIS STATE BOARD OF ELECTIONS,<br><br>Defendant. | No. 26 CV 10167<br><br>The Honorable Charles P. Kocoras |

**DEFENDANT ILLINOIS STATE BOARD OF ELECTIONS'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant the Illinois State Board of Elections (the "Board"), by its attorney, Kwame Raoul, Attorney General of Illinois, moves to dismiss Plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In support, the Board states the following:

## INTRODUCTION

Plaintiff Kenneth Del Signore, a registered voter in Kane County, Illinois, brings this action against the Board, an Illinois state agency, under Section 1983 and the Help America Vote Act, asserting that his mail-in ballot might be identifiable by an unidentified bad actor. Although the Eleventh Amendment bars his action against the Board, he also lacks standing to bring this action because his highly speculative allegations do not establish an imminent injury. Additionally, Plaintiff fails to state a claim because the Board is not a "person" under Section 1983. Moreover, he cannot allege the Board violated the Help America Vote Act because that act does not have any provisions relating to the privacy of mail-in ballots, and it does not create a private right of action. For all these reasons, this Court should dismiss this action.

## BACKGROUND

The Help America Vote Act, 52 U.S.C. §§ 20901 – 21145 (the "Act") sets federal standards for the accuracy and reliability of voting systems used by the states for federal elections. *See* 52 U.S.C. §§ 21081 *et seq*. Under the Act, any person who believes that Section 21081 *et seq*. has been violated may file a complaint with the State. 52 U.S.C. § 21112(a)(2)(B). The Act requires the State to "establish and maintain State-based administrative complaint procedures." *Id*. § 21112(a)(1). "If, under the procedures, the State determines that there is no violation, the State shall dismiss the complaint and publish the results of the procedures." *Id*. § 21112(a)(2)(G).

On December 19, 2025, the Board received a complaint from Plaintiff alleging the Kane County Clerk (the "Clerk") violated Section 21081 of the Act. Dkt. 1 at 47 (Del Signore complaint to the Board), 42 (Report of Deputy General Counsel re Del Signore complaint). The administrative complaint alleged that the Clerk's vote-by-mail processing system consists of three sequential parts. *Id*. at 47. First, an envelope scanner records voter names and signatures in exact sequential order. *Id*. Then, an envelope sorter extracts the ballots and sorts them by precinct. *Id*. Finally, a ballot scanner scans and tabulates the ballots in the same order the envelopes were originally scanned. *Id*. at 48. Plaintiff alleges that this process creates a one-to-one correlation between voter identity and ballot. *Id*. The administrative complaint asserts that "[i]f any backdoors exist on these systems . . . then the ballots can be de-anonymized after the fact by simply matching the two sequential image logs" because the Clerk "currently performs no physical shuffling or randomization of ballots." *Id*.

Although his administrative complaint did not specify which subsection of Section 21081 the Clerk's vote-by-mail processing system allegedly violated, it partially quoted subsection (a)(1)(c). *Id*. at 42, 47. Subsection 21081(a)(1)(c) of the Act states: "The voting system shall

ensure that *any notification* required under this paragraph preserves the privacy of the voter and the confidentiality of the ballot." 52 U.S.C. § 21081(a)(1)(c) (emphasis added). The notifications referenced in Subsection § 21081(a)(1)(c) are the ones required to inform a voter that they selected more than one candidate for a single office. *Id.* § 21081(a)(1)(A)(iii).

The Board's Deputy General Counsel recommended dismissal of the administrative complaint because it failed to allege a violation of Subsection 21081(a)(1)(c) of the Act. *Id.* at 41, 44, 46. On February 23, 2026, the Board dismissed Plaintiff's administrative complaint based on the Deputy General Counsel's report and recommendation. Dkt. 1 at 40-41. Nevertheless, the Board ordered that a "member of Board staff discuss vote by mail processing procedures with [the Clerk] to ensure the anonymity of vote by mail ballots are preserved." *Id.* at 41. Plaintiff failed to seek administrative review of the Board's decision in the Illinois circuit court as permitted by 26 Ill. Admin. Code 150.30 and 150.140.

On August 22, 2026, Plaintiff filed his complaint in this case. Dkt. 1. He alleges that the "current Vote-by Mail processing sequence utilized by the [Board] and its member counties creates a structural vulnerability that allows for the 'de-anonymization' of ballots. By maintaining the sequential order of envelope scans and ballot scans, the ballots can be de-anonymized by simply sequentially matching the records." *Id.* ¶ 2. He claims that "Dominion election management servers are configured with legacy security holes, *potentially* allowing unauthorized access to both the scanned envelope data and [cast vote records]." *Id.* ¶ 10 (emphasis added). He also asserts that "[i]f bad actors obtain de-anonymized ballot data, they can target ads to specific individuals." *Id.* ¶ 11.

Based on these allegations, Plaintiff asserts that the Board violated Section 21081 of the Act and his constitutional rights under Section 1983; specifically, his First Amendment rights

and his rights under the Fourteenth Amendment to "Equal Protection of Illinois State Constitutional right to a secret ballot." *Id*. at 4-5.

## LEGAL STANDARDS

Rule 12(b)(1) provides for dismissal for lack of subject matter jurisdiction. *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). "Standing is an element of subject-matter jurisdiction in a federal civil action." *Moore v. Wells Fargo Bank, N.A.*, 908 F.3d 1050, 1057 (7th Cir. 2018). Additionally, motions for dismissal based on the Eleventh Amendment may be brought under Rule 12(b)(1) since a district court lacks jurisdiction when its immunity applies. *McHugh v. Ill. DOT*, 55 F.4th 529, 533 (7th Cir. 2022). Where, as here, a Rule 12(b)(1) challenge is based on the face of the pleading, "a court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *Alicea-Hernandez v. Cath. Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003).

A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. A court may dismiss a complaint if the plaintiff fails to allege sufficient facts to state a cause of action that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). When ruling on a motion to dismiss under Rule 12(b)(6), the court must accept all well-pleaded facts as true, but it must also "draw on its judicial experience and common sense" to determine if the plaintiff has stated a plausible claim for relief. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (cleaned up). The Court also "need not accept as true statements of law or unsupported conclusory factual allegations." *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021). *See also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

## ARGUMENT

### I. This Court lacks subject matter jurisdiction over this matter because the Eleventh Amendment bars all of Plaintiff's claims against ISBE and he lacks standing to bring this action.

#### A. The Eleventh Amendment bars all of Plaintiff's claims against ISBE.

The Eleventh Amendment bars all of Plaintiff's claims against the Board. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). In the absence of consent or waiver, a suit "in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"; this "jurisdictional bar applies regardless of the relief sought." *Id.* at 100-101; *see also Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (explaining that the *Ex Parte Young* exception "has no application in suits against the States and their agencies, which are barred regardless of the relief sought").

The Illinois Constitution establishes the Board as the state agency responsible for "supervision over the administration of the registration and elections laws through the State." Ill. Const. Art. III, § 5; *see also* 10 ILCS 5/1A-1; *see Zessar v. Helander*, No. 05 C 1917, 2006 U.S. Dist. LEXIS 9830, at *4 (N.D. Ill. Mar. 13, 2006). The Board did not consent to suit in federal court, nor did it otherwise waive its Eleventh Amendment immunity. Accordingly, the Eleventh Amendment bars all of Plaintiff's claims against the Board.

Moreover, to the extent that Plaintiff asserts a claim based on his "right to a secret ballot" under the Illinois Constitution, those claims are also barred by the Eleventh Amendment. *See Pennhurst*, 465 U.S. at 106 ("[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law."); *Lukaszczyk v. Cook Cty.*, 47 F.4th 587, 604 (7th Cir. 2022). Applying this logic, the federal courts have routinely held that claims based on the Illinois Constitution are barred by the Eleventh Amendment. *See, e.g.*, *Cook Cty. Republican Party v. Pritzker*, 487 F. Supp. 3d 705, 715 (N.D.

Ill. 2020) ("Plaintiff's state-law claims arising from alleged violations of the Illinois Constitution … are barred by the Eleventh Amendment."). Plaintiff's attempt to characterize his claim as an equal protection claim is unavailing, because "there is no constitutional … right to state-mandated procedures." *GEFT Outdoors, LLC v. City of Westfield*, 922 F. 3d 357, 366 (7th Cir. 2019). Thus, Plaintiff's state-law claims are barred by the Eleventh Amendment for this reason as well.

**B. Plaintiff lacks standing to bring this action against the Board.**

Even if the Eleventh Amendment did not bar his claims, Plaintiff lacks standing because his highly speculative allegations do not establish an injury in fact. "Article III of the Constitution limits federal courts' [subject matter] jurisdiction to certain 'Cases' and 'Controversies.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013). "'One element of the case-or-controversy requirement' is that plaintiffs 'must establish that they have standing to sue.'" *Id.* (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). "To establish Article III standing, an injury must be 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Clapper*, 568 U.S. at 409 (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010)).

"Although imminence is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes—that the injury is *certainly* impending." *Id*. at 409 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 526, n.2). Accordingly, our Supreme Court has repeatedly reiterated that "threatened injury must be *certainly impending* to constitute injury in fact, and that allegations of *possible* future injury are not sufficient." *Clapper*, 568 U.S. at 409 (emphasis in original; cleaned up).

In *Clapper*, the respondents asserted that they could establish an injury in fact under the Foreign Intelligence Surveillance Act ("FISA") because there was an objectively reasonable

likelihood that their communications with foreign contacts would be intercepted by government officials under FISA at some point in the future. *Id*. at 410. Notably, the Supreme Court recognized that the respondents' assertion relied on "highly speculative fear" that the government officials would decide to target respondents' communications, government officials would invoke their authority under FISA to surveil the communications, government officials would succeed in intercepting communications, and the respondents would be parties to the intercepted communications. *Id*. The Supreme Court determined that "respondents' speculative chain of possibilities does not establish that injury based on potential future surveillance is certainly impending or is fairly traceably to [FISA]." *Id*. at 415.

Closer to home, another court in this district dismissed three individuals' claims against the members of the Board relating to alleged "exploitable deficiencies inherent in all electronic voting machines." *Maly v. Pritzker*, No. 22-cv-04778, 2024 U.S. Dist. LEXIS 177196, at *4 (N.D. Ill. Sep. 30, 2024). The court held that the "risk of future election interference in Illinois" was too speculative to constitute an injury in fact. *Id*. at *7. By speculating that "votes in Illinois might be subject to tampering in the future," the plaintiffs "were engaging in 'the kind of speculation that stretches the concept of imminence beyond its purpose.'" *Id.* at *8-9 (quoting *Lake v. Fontes*, 83 F.4th 1199, 1204 (9th Cir. 2023). The court therefore dismissed the complaint for lack of standing. *Maly*, 2024 U.S. Dist. LEXIS 177196, at *10.

Plaintiff's allegations follow the same speculative structure as in *Clapper* and *Maly*. He alleges that the current vote-by-mail processing system potentially allows the identities of voters to be ascertained. Dkt. 1 ¶ 2 ("the ballots can be de-anonymized by simply sequentially matching the records"); *id*. ¶ 10 ("Dominion election management servers are configured with legacy security holes, potentially allowing unauthorized access to both the scanned envelope data and [cast vote records]"). His allegations rely on a highly speculative fear that an unidentified bad

actor would decide to target the Kane County precinct he votes in, would seek access to the scanned envelope data and cast vote records through a backdoor in Dominion's election servers, would successfully obtain his data and records. His highly speculative allegations do not establish that an injury based on potential future unauthorized access is certainly impending or fairly traceable to the Board. Accordingly, Plaintiff lacks standing to bring this action and this case should be dismissed for lack of subject matter jurisdiction.

## II. This Court should dismiss Plaintiff's action under 12(b)(6) because he fails to state a claim under Section 1983 and the Act.

### A. The Board may not be sued because it is not a "person" subject to suit under Section 1983.

It is well established that neither the State nor a state agency is a "person" subject to suit under Section 1983. *Ryan v. Ill. Dep't of Children & Family Servs*., 185 F.3d 751, 758 (7th Cir. 1999) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989)). Thus, Plaintiff's Section 1983 claims against the Board should be dismissed for this reason as well. *Id.*

### B. Plaintiff fails to allege that the Board violated the Act.

Even if Plaintiff could get past the numerous other obstacles barring his claims, he cannot state a claim because he fails to allege that the Board violated Section 21081 of the Act. The privacy requirement of Section 21081 pertains to notifications for voting for more than one candidate for office, or accessibility for disabled individuals; it does not relate to the processing of mail-in ballots.

Plaintiff's complaint does not state which subsection of Section 21081 of the Act the Board allegedly violated. However, the only references to privacy, anonymity, or confidentiality in Section 21081 of the Act appear in subsections (a)(1)(C) and (a)(3)(A). *See generally* 52 U.S.C. § 21081. Subsection (a)(1)(C) states that the "voting system shall ensure that *any notification* required under this paragraph preserves the privacy of the voter and the

confidentiality of the ballot." *Id.* § 21081(a)(1)(c) (emphasis added). Again, the notifications referenced in subsection § 21081(a)(1)(c) are the ones required to inform a voter that they selected more than one candidate for a single office. *Id.* § 21081(a)(1)(A)(iii). Subsection (a)(3)(A) states that the "voting system shall be accessible for individuals with disabilities, including nonvisual accessibility for the blind and visually impaired, in a manner that provides the same opportunity for access and participation (including privacy and independence) as for other voters." *Id.* § 21081(a)(3)(A).

Plaintiff alleges that he has privacy concerns with the alleged voting systems used to process mail-in ballots. Dkt. 1 ¶¶ 1-2. He does not allege that he has any concerns with response to notifications informing a voter that they selected more than one candidate (52 U.S.C. §§ 21081(a)(1)(c), (a)(1)(A)(iii)), or relating to accessibility for individuals with disabilities (*id* § 21081(a)(3)(A)). *See* Dkt. 1 at 1-6. Accordingly, Plaintiff has failed to state a claim against the Board under Section 210181 of the Act, and Plaintiff's complaint should be dismissed for this reason as well.

**C. The Act does not create a private right of action.**

Plaintiff cannot bring a claim under the Act because it creates no private right of action. The Act creates no private cause of action. *Bellitto v. Snipes*, 935 F.3d 1192, 1199 (11th Cir. 2019); *Sandusky County Democratic Party v. Blackwell*, 387 F.3d 565, 572 (6th Cir. 2004). "[R]ather, its provisions are enforceable only through actions taken by the Attorney General of the United States or by filing an administrative complaint with the state." *Bellitto*, 935 F.3d at 1199 (citing 52 U.S.C. §§ 21111, 21112). Accordingly, Plaintiff also cannot bring his claim under the Act.

## CONCLUSION

For these reasons, this court should dismiss Plaintiff's claims against the Board under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Dated: November 6, 2026

Respectfully submitted,

KWAME RAOUL
Attorney General of Illinois

s/ Connor Q Hollander
Assistant Attorney General

Connor Q Hollander (IL 6340821)
Assistant Attorney General
Office of the Illinois Attorney General
Government Representation Division
General Law Bureau
115 South LaSalle Street
Chicago, Illinois 60603
(312) 814-2762
connor.hollander@ilag.gov